IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY WEAKLEY,<br>        Plaintiff,<br><br>        v.<br><br>CARGO NETWORK LEASING, INC.,<br>PUTNIK EXPRESS, and PERICA<br>MANOJLOVIC,<br>        Defendants.<br>_____<br><br>GLOBAL CARGO LEASING, INC., dba<br>GLOBAL CARGO, INC.,<br>        Counter-plaintiff,<br><br>        v.<br><br>TIMOTHY WEAKLEY<br>        Counter-defendant.<br>_____<br><br>CARGO NETWORK SOLUTIONS, INC.<br>Dba PUTNIK EXPRESS,<br>        3RD Party Plaintiff,<br><br>        v.<br><br>WEAKLES TRUCKING SERVICES, INC.,<br>        3RD Party Defendant. | Case No. 19 CV 4402<br><br>Judge Andrea R. Wood |

**ANSWER TO COMPLAINT FOR BREACH OF CONTRACT
AND REQUEST FOR INJUNCTION**

Now Come the Defendants, Cargo Network Solutions, Inc. d/b/a Putnik Express ("CNS")[1], Global Cargo Leasing, Inc. d/b/a Global Leasing, Inc. ("Global")[2], and Perica Manojlovic ("Manojlovic") (collectively, "Defendants"), and for their Answer to Plaintiff's Complaint for Breach of Contract and Request for Injunction, Defendants state as follows[3]:

---

[1] Incorrectly named in the Complaint as Putnik Express.
[2] Incorrectly named in the Complaint as Cargo Network Leasing, Inc.
[3] Plaintiff failed to insert paragraph numbers in Plaintiff's Complaint. The paragraph numbers contained herein are

1

1. Come now plaintiff, Timothy Weakley Pro-se and alleges that the above-named defendants willfully contracted and sold Mr. Weakley a 2010 International Pro-Star Eagle semi-tractor truck vin number 3HSCUAPR1AN249015. This complaint further alleges that pursuant to the parties meeting of the minds, a purchase price of $25,000.00 was settled upon. Pursuant to that agreement Mr. Weakley then in good faith then turned over to the defendants the sum of $3,000.00 in cash constituting consideration and a down payment on said vehicle. The parties further agreed that Mr. Weakley would make fourteen monthly payments of $1,360.00. Payments were to commence in the month of June 2018, although the foregoing condition was not reduced to writing.

**ANSWER**: Defendants admit that Global entered into an agreement to sell the Truck to Plaintiff in or about June 2018, that the agreed-upon price was $25,000.00, that Plaintiff made a down payment on the Truck in the amount of $3,000.00, and that Plaintiff would pay the remaining balance over time. Defendants deny the remaining allegations stated herein including, but not limited to, any allegation that CNS and Manojlovic, in a personal capacity, were involved in the transaction in any way.

2. Regardless, Mr. Weakley was then given his bill of sale for the purchase of the vehicle (see exhibit "A" the bill of sale). As a result Mr. Weakley then took delivery of the vehicle. Lastly, this complaint alleges that the defendants' refuse to turn over a photo copy of the title so that Mr. Weakley can register the vehicle pursuant to law. Mr. Weakley alleges that these defendants have sold a vehicle to which they do not own title. The facts are as follows:

**ANSWER**: Defendants admit that Global gave Plaintiff the document titled "Bill of Sale" which showed a balance due of $22,000.00. Defendants admit that Global did not transfer title to Plaintiff as the parties' agreement required payment in full prior to the delivery of title. Defendants deny the remaining allegations stated herein.

3. There came a point in time during the month of April of 2018 wherein Mr. Weakley decided to purchase a semi-tractor from the defendants for the purpose of starting a small business.

**ANSWER**: Defendants are without sufficient information upon which to admit or deny when or why Plaintiff decided to purchase a semi-tractor from Global and therefore deny same at this time. Defendants deny the remaining allegations stated in paragraph 3.

4. On May 2nd, 2018 Mr. Weakley met with Perica Manojlocic co-owner of Global

solely for ease of reference.

Cargo Leasing Inc. it was at that time that the parties settled on a purchase price of $25,000.00.

**ANSWER**: Defendants admit that Plaintiff met with Manojlovic in or about May 2018 to discuss the sale of the Truck from Global to Plaintiff for $25,000.00. Defendants admit that Manojlovic is the owner of Global and state affirmatively that Manojlovic is the sole owner of Global. Defendants deny the remaining allegations stated herein.

5. Mr. Weakley was given a bill of sale reflecting that he gave Perica Manojlocic consideration for the vehicle in the amount of $3,000.00 leaving a balance of $22,000.00.

**ANSWER**: Defendants admit that Global and Plaintiff executed the bill of sale. Defendants deny that Manojlovic was acting in a personal capacity and further deny remaining allegations stated herein.

6. It was also at the at that time that the parties agreed on a monthly payment of $1360.00 to be paid over a period of 14 months with the first payment becoming due in the month of June 2018.

**ANSWER**: Defendants admit that Global agreed that Plaintiff could pay the remaining amounts due over time and that a payment would be due in the month of June 2018. Defendants deny the remaining allegations stated herein

7. Further, Perica Manojlocic promised Mr. Weakley that once he completed paying the $1575.00 in stated registration costs, Global Cargo Leasing Inc. would then register the vehicle in the name of Weakley's Trucking Services Inc.

**ANSWER**: Denied.

8. Mr. Weakley in good faith made weekly payments at a rate of $525.00 over a period of three weeks however the defendants refuse to register the vehicle in Mr. Weakley's company's name as promised. Nor will the defendants provide Mr. Weakley a copy of the title so that he may do so himself as the new owner of said vehicle. (See exhibit "C" a weekly check stub which reflects the above mentioned $525.00 weekly registration installment payment as deducted from Mr. Weakley's paycheck.

**ANSWER**: Defendants admit that Plaintiff made three payments of $525.00 to CNS for registration of the Truck which was registered in CNS's name since the Truck was operating under

the motor carrier authority of CNS. Defendants deny that Global (or any defendant) made the promise alleged and, further, Defendants deny the remaining allegations stated herein.

9. After the parties settled on the down payment, monthly payment and registration costs, Perica Manojlocic offered Mr. Weakley a job with Cargo Network Solutions, a sister company to Global Cargo Leasing Inc. and Putnik Express.

**ANSWER**: Denied. Further answering, CNS offered to enter into a contract with a corporation owned by Plaintiff whereunder Plaintiff's corporation would lease the Truck to CNS to operate under CNS's motor carrier authority.

10. Mr. Weakley accepted Manojlocic's offer and began work on May 3rd, 2018 pursuant to a countered signed lease agreement between the parties. (See exhibit "B".)

**ANSWER**: Defendants admit that CNS and a corporation owned by Plaintiff entered into the lease agreement attached to the Complaint as Exhibit "B" on or about May 3, 2018. Defendants deny the remaining allegations stated in paragraph 10, including but, not limited to, the allegation that Manojlovic was involved in entering into the lease agreement.

11. However after a few weeks on the job Mr. Weakley came to realize that he did not like working for the defendants due to what they referred to as a "zero tolerance policy," meaning that upon the slightest infraction or citation Mr. Weakley would be terminated. This made for a stressful work environment and so Mr. Weakley terminated the lease and moved on. (See exhibit "C" the parties lease agreement.)

**ANSWER**: Defendants admit that Plaintiff terminated the lease agreement with CNS. Defendants are without sufficient information upon which to admit or deny why Plaintiff terminated the lease agreement between CNS and Plaintiff and therefore denies same. Further answering, Defendants deny the remaining allegations stated herein.

12. Regardless, these defendants to-date have not provided Mr. Weakley the documents required in order to register the vehicle in question even as Mr. Weakley has paid the $1575.00 for the vehicle's registration.

**ANSWER**: Defendants admit that Global has not sent Plaintiff the title to the Truck. Defendants deny the remaining allegations stated herein.

4

13. Upon Mr. Weakley having terminated the agreement these defendants attempted to file false and malicious police reports in to different jurisdictions where the Johnson City Tennessee Police Department and the Des Plaines Illinois City Police Department.

**ANSWER**: Defendants admit attempting to secure the assistance of the police to secure payment or the return of the Truck. Defendants deny the remaining allegations stated herein.

14. Upon Mr. Weakley having been contacted by law enforcement in said jurisdictions he dutifully presented said authorities with a copy of his bill of sale and as a result those investigations were immediately dropped and deemed frivolous in both instances.

**ANSWER**: Defendants are without sufficient information on which to admit or deny the facts and circumstances of Plaintiff's contact with law enforcement and therefore denies said allegations. Defendants deny the remaining allegations stated in paragraph 14.

15. These defendants attempted to mislead the police and have Mr. Weakley arrested by perpetrating the narrative that Mr. Weakley stole their property. In the filing of both report they omitted the fact that they had sold Mr. Weakley the vehicle.

**ANSWER**: Denied.

16. Upon the defendants selling Mr. Weakley the semi-tractor in question there is an implied duty to provide to Mr. Weakley the lawfully required documents for proper registration with the state as ownership has changed. The defendants would be listed as lien holders on the title. Mr. Weakley in good faith has already paid for the vehicle's registration and entitled to a copy of the title at the very least.

**ANSWER**: Denied.

17. The court exercises jurisdiction over this matter on the question of diversity. Mr. Weakley is a resident of Washington County, Tennessee while each defendant resides in the State of Illinois.

**ANSWER**: Defendants admit that Manojlovic is a resident of the State of Illinois and that the Defendants are Illinois corporations with their principal places of business in the State of Illinois. Defendants admit on information and belief that Plaintiff is a resident of Defendants are without sufficient information upon which to admit or deny the remaining allegations stated herein and therefore deny same.

5

18. The semi-tractor in question is commercial vehicle which was purchased for the soul purpose of engaging in interstate commerce. Each day that the defendants without title to the tractor Mr. Weakley loses $1800.00 per day in gross revenue. To date Mr. Weakley has lost $81,000 in gross revenue for which he seeks redress. Said damages continue to accrue daily. Further Mr. Weakley seeks an additional $25,000.00 in damages commensurate to the value of the tractor in question. Mr. Weakley seeks $106,000.00 in monetary damages but as stated the damages continue to accrue daily.

**ANSWER**: Defendants admit that the Truck is a commercial motor vehicle as defined by the Federal Motor Carrier Safety Regulations. Defendants deny the remaining allegations stated herein.

19. Mr. Weakley seeks an injunction of the court that enforces his ownership rights consistent with the evidence of the sale of the vehicle. Specifically Mr. Weakley request an injunction compelling these defendants to turn over a photo copy, front and back of the title to the vehicle in question. He further seeks monetary damages consistent with his losses of gross revenue as outlined above.

**ANSWER**: Defendants deny Mr. Weakley is entitled to the relief requested and denies all allegations stated herein.

WHEREFORE, Defendants respectfully request this Honorable Court enter judgment for the Defendants and award Defendants their costs incurred in defending against Plaintiff's complaint, or grant such other and further relief as this Honorable Court deems just and reasonable.

**CARGO NETWORK SOLUTIONS, INC.'S THIRD PARTY COMPLAINT**

Now Comes the Third Party Plaintiff, Cargo Network Solutions, Inc. ("CNS"), by and through its attorneys, Blitch Westley Barrette S.C., and for its Counterclaim against Weakles Trucking Services, Inc. ("WTS"), CNS states as follows:

1. CNS is a corporation incorporated in the State of Illinois with its principal place of business in the State of Illinois and at all times relevant, CNS operated as a motor carrier in interstate commerce that contracted with independent owner-operators to lease trucks to operate under CNS's motor carrier authority.

2. We is, on information and belief, a resident of Johnson City, Tennessee and has brought an action based upon diversity against CNS seeking damages in excess of $75,000.00 related to a contract to purchase a truck from Global Cargo Leasing, Inc. that was entered into in Illinois on or about the same date as the agreement at issue herein.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 as the claims stated herein form part of the same case or controversy as those asserted by WTS' owner against CNS.

4. Venue is appropriate in this District as the events giving rise to the parties' claims arose in this District.

5. On May 3, 2018, WTS entered into a Lease Agreement between Cargo Network Solutions, Inc. and Independent Contractor ("the Agreement") whereby WTS agreed to contract to CNS a truck to operate under CNS's Federal motor carrier authority. A true and correct copy of the Agreement is attached hereto as Exhibit "1". The truck leased by WTS to CNS was the same truck that Timothy Weakley agreed to purchase from Global Cargo Leasing, Inc.

6. Under the terms of the Agreement, WTS agreed to pay the entire cost of operating

and maintaining its own truck throughout the term of the lease including, but not limited to, paying for all fuel expenses.

7. From on or about May 3, 2018, through on or about June 2018, WTS operated a truck under CNS's motor carrier authority transporting shipments offered to WTS by CNS.

8. During the month of May 2018, upon the request of WTS, CNS made several advances to WTS for the payment of fuel expenses.

9. Pursuant to paragraph III.4. of the Agreement, WTS agreed that CNS was permitted to deduct the amount of any fuel advance from WTS.

10. In or about June 2018, WTS terminated its contract with CNS and, at the time of termination, WTS had received $1,674.02 in unreimbursed advances from CNS for fuel expenses.

11. CNS requested payment of the amounts due in unreimbursed fuel expenses but WTS failed and refused to pay.

12. As a consequence of WTS' failure to pay, CNS has been damaged in the amount of $1,674.02 in unreimbursed fuel expenses.

WHEREFORE, CNS respectfully requests this Honorable Court enter judgment against Weakles Trucking Services, Inc., and award CNS damages in the amount fo $1,674.01 plus interest, costs and attorneys' fees incurred.

## GLOBAL CARGO LEASING, INC.'S COUNTERCLAIM

Now Comes the Counter-plaintiff, Global Cargo Leasing, Inc. d/b/a Global Cargo, Inc. ("Global), by and through its attorneys, Blitch Westley Barrette S.C., and for its Counterclaim against Timothy Weakley ("Weakley"), Global states as follows:

13. Global is a corporation incorporated in the State of Illinois with its principal place of business in the State of Illinois and at all times relevant, Global operated as a lessor and seller of commercial motor vehicles.

14. Weakley is, on information and belief, a resident of Johnson City, Tennessee and has brought an action based upon diversity against Global seeking damages in excess of $75,000.00 related to a contract to purchase a truck from Global.

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 as the claims stated herein form part of the same case or controversy as those asserted by Weakley against Global.

16. Venue is appropriate in this District as the events giving rise to the parties' claims arose in this District.

17. In or about May 2018, Global and Weakley entered into an agreement whereby Weakley agreed to purchase a 2010 International Truck bearing VIN 3HSCUAPR1AN249015 ("the Truck") from Global for a purchase price of $25,000.00.

18. Under the terms of the Agreement, Weakley agreed to make a down payment of $3,000.00 and regular monthly payments thereafter of $1,375.00 per month until the full purchase price of $25,000.00 was paid. Upon tender of the final payment, the parties agreed that Global would then assign the title to Weakley.

19. From June 2018 through November 2018, Weakley made six payments of

$1,375.00. However, in breach of the parties' agreement Weakley stopped making any payments thereafter.

20. As a consequence of Weakley's failure to pay, Global has been damaged in the amount of $13,750.00, which is the remaining balance due on the Truck.

21. Pursuant to the Illinois Interest Act, 815 ILCS 205/2, Global is entitled to interest at a rate of 5% per annum on the amounts past due.

WHEREFORE, Counter-plaintiff Global Cargo Leasing, Inc. d/b/a Global Cargo, respectfully requests this Honorable Court to enter Judgment against Timothy Weakley and award Global damages of $13,750, plus interest and costs or grant such other and further relief as this Honorable Court deems just and reasonable.

    Respectfully submitted,

    Cargo Network Solutions, Inc., Global Cargo Leasing, Inc. d/b/a Global Leasing, Inc., and Perica Manojlovic

    By: /s/ Matthew P. Barrette
        One of Their Attorneys

Matthew P. Barrette
BLITCH WESTLEY BARRETTE, S.C.
1550 Spring Road, Unit 120
Oak Brook, Illinois 60523
(312) 283-4220
mbarrette@bwesq.com