

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TIMOTHY WEAKLEY

     Plaintiff Pro se,

        vs.

CARGO NETWORK LEASING, INC.,

PUTNIK EXPRESS, and PERICA

MANOJLOVIC,ET,AL.

    Defendants.

---

GLOBAL CARGO LEASING, INC.,

dba GLOBAL CARGO, INC.

    Counter-plaintiff,

        vs.

TIMOTHY WEAKLEY

   Counter-defendant.

---

CARGO NETWORK SOLUTIONS, INC.

Dba PUTNIK EXPRESS,

   3RD Party Plaintiff,

       vs.

WEAKLES TRUCKING SERVICES, INC.,

   3RD Party Defendant.

Cause No: 19-CV-4402

Honorable Andrea R. Woods

# FILED

AUG 2 6 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

---

3RD PARTY DEFENDANT'S ANSWER And 3RD PARTY DEFENDANT'S COUNTER
COMPLAINT

---

**JUDGE WOOD AND IT PLEASE THE COURT:**

**COMES NOW 3RD PARTY DEFENDANT,** Timothy Weakley (DBA/ Weakles Trucking Services) pro se and answers the 3rd party complaint summarily and in numeric order as outlined therein said complaint:

1). Mr. Weakley admits that the 3rd party plaintiff is an Illinois bases company.

2). Mr. Weakley agrees with the entirety of point two.

3). Mr. Weakley concurs that this Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

4). Mr. Weakley agrees that venue is indeed proper.

5). Mr. Weakley admits that: "On May 3, 2018, WTS entered into a Lease Agreement between Cargo Network Solutions, Inc. and Independent Contractor ("the Agreement") whereby WTS agreed to contract to CNS a truck to operate under CNS's Federal motor carrier authority."

Mr. Weakley whole heartedly dissents from the language "**Leased by** WTS" as the vehicle was "purchased" and not "leased". [See Document #: 2-1 Filed: 06/26/18 "The Bill of Sale"]. "The truck leased by WTS to CNS was the same truck that Timothy

Weakley agreed to **purchase** [emphasis added] from Global Cargo Leasing, Inc."

6). Mr. Weakley admits that: "Under the terms of the Agreement, WTS agreed to pay the entire cost of operating and maintaining its own truck throughout the term of the lease including, but not limited to, paying for all fuel expenses." However, CNS provided Mr. Weakley a fuel card drawn on CNS. As such CNS was guarantor, not WTS.

7). Mr. Weakley admits that this point is accurate.

8). Mr. Weakley dissents from the characterization that "During the month of June 2018, **upon the request of WTS, CNS made several advances to WTS for the payment of fuel expenses.**" Here again the alleged "requested advances" are purchases made on a CNS drawn fuel card given to him by CNS. Mr. weakley denies that he worked for CNS in the moth of June.

9). Mr. Weakley concurs with the language as it appears in point nine. Indeed Mr. Weakley authorized the deduction for repayment thus CNS had a duty to execute said deductions.

10). Mr. Weakley calls it less than truthful that: "In or about June 2018, WTS terminated its contract with CNS and, at the time of termination, WTS had received $1,674.02 in unreimbursed advances from CNS for fuel expenses." It is well

documented that the contract between the parties was terminated on May 21, 2018 and that the card in question was promptly deactivated that very same day. [See attached 3rd party defendant's Exhibit "B" an email from CNS'S safety department terminating the parties' agreement].

Mr. Weakley additionally argues that repayment of fuel costs was promptly deducted by CNS without fail and that there were no charges for the month of June. Further, there were adequate revenues generated sufficient enough to cover the cost sought within this complaint. Further, CNS is in possession of escrow funds belonging to Mr. Weakley in the amount of $1700.00 which would more than cover the amount sought herein. In addition, Mr. Weakley demands a full accounting of all revenues generated relative to the claims levied within this complaint.

## COUNTER-COMPLAINT

COMES NOW 3rd PARTY DEFENDANT, Timothy Weakley (DBA/ Weakles Trucking Services) pro se and raises the following counter complaint that CNS owes him $978.90 in fuel costs and lost wages. This counter complaint additionally alleges that CNS waived its right to any alleged fuel reimbursements owed it pursuant to a collateral contractual agreement it struck with Mr. Weakley as remedy to the case and controversy at hand. The facts are alleged as follows:

# FACT PATTERN

1). As indicated by CNS, Mr. Weakley's contract was terminated on or around May 21, 2018.

2). Perica Manojlovic, "Pete," began texting Mr. Weakley from his personal cell phone number 773-742-4379 wherein Pete made an offer which formulates the basis for the afore said collateral contractual agreement.

3). Pete clearly avers: "Bring me my truck I will give you down payment, so you do not have to go to court! Anyway you can not register truck". [See 3rd Party Defendant's Exhibit "B"].

4). Acquiescing to said offer, Mr. Weakley contacted CNS and made arrangements to meet Pete the following Sunday Morning at the Des Plaines, Il. Police Department.

5). During that phone call the parties reached the agreement that Mr. Weakley would receive his $3000 down payment back and $1200 of his escrow payments back in exchange for the return of the truck.

6). Relying on the parties' agreement, Mr. Weakley fueled the truck and drove the 625 miles from his Johnson City, Tn. Residence in order to execute his end of the agreement.

7). Mr. Weakley arrived at the police station early in order to have law enforcement direct him to the safe hand off space that it provides for the public.

8). The appointed and agreed upon time came and went and no one from CNS arrived.

9). Mr. Weakley placed several calls and emails to CNS but no answer. Finally, someone called back and stated that one of the owner's wife went into labor and so no one could make it as they were all at the hospital. [See Plaintiff's Exhibit "E" an email sent the morning of exchange asking had anyone of their representatives arrived at the police station yet].

10). Regardless, Mr. Weakley returned to Tn. Residence before the parties were able to reschedule the exchange for the following Sunday.

11). Here again no one for CNS showed and the end result was that Mr. Weakley incurred out of pocket expenses to the sum of $978.10 in fuel cost and lost wages pursuant to the parties' agreement.

## AURGUMENT

Mr. Weakley concedes, as the evidence also indicates that he materially violated the parties' lease agreement by failing

to provide CNS with GPS tracking information on his tractor's whereabouts.  On May 22, 2018 CNS moved to terminated the parties agreement via email from Stefan Varagic [See 3rd Party Defendant's Exhibit "A"].  That notice of termination reads as follows:

> ""Dear Timothy Wayne Weakley:" "Pursuant to Equipment Lease Agreement you signed with **Global Cargo Leasing,** Inc. you agreed that during the Lease Term, Lessor may install, at Lessee's expense, GPS Tracking equipment on the Equipment. You further agreed to keep the GPS Tracking equipment operational. **It has come to our attention that you have disabled the GPS Tracking equipment on the unit in violation of your Lease.** This is a material breach of your obligations under the Agreement. As set forth in the Lease, you are in Default under the Lease. **Global Cargo Leasing, Inc.** hereby demands payment of the entire balance of the unpaid Monthly Payments for the full term immediately. Furthermore, Global Cargo Leasing, Inc. demands immediate possession of the Equipment. *Failure on your part to comply with this demand will subject you to late fees, interest at a rate of 18% per annum, and attorneys' fees incurred by Global Cargo Leasing,* Inc. in pursuing its available remedies at law
>
> Thank You,STEFAN VARAGIC"

As the forgoing evidence indicates, CNS terminated the parties' agreement, not Mr. Weakley.  Regardless, the written agreement was no more.  In the wake of that dissolved contractual relationship, "Pete" reached to Mr. Weakley via text message and made a "OFFER" to contract with Mr. Weakley. The terms were that Pete would return to Mr. Weakley his down payment of $3000.00 in exchange for Mr. Weakley returning the truck back to Pete.  Mr. Weakley then called "Pete" and the two agreed as follows: 1).

CNS would return to Mr. Weakley his down payment of $3000.00
[See 3rd Party Defendant's Exhibit "B" texts from Pete making the
"offer"]and $1200 of his escrow account.  2). In exchange, Mr.
Would return the tractor to "Pete".  3). Pete and Mr. Weakley
agreed to meet and perform the transaction at the Des Plaines,
Il. Police Department.

## THE FORMULATION OF THE NEW AGREEMENT

Mr. Weakley argues that the forgoing embodies the
prerequisite elements of a contractual meeting of the minds and
that ultimately Pete or CNS breached said contract for which Mr.
Weakley seeks redress and remedy.  Direct and material evidence
prove that Pete made an "offer."  Evidence further proves that
Mr. Weakley "relied" on Pete's offer per his email to CNS that
Sunday Morning of the exchange there at the police department.
Mr. Weakley's outlay in fuel and lost wages is adequate enough
"consideration" to formulate the completion/ reliance on the
parties' agreement as initiated by Pete; although, Pete alleges
not to be personally involved in this matter.  As a result of
the breach of the very agreement Pete or CNS initiated, Mr.
Weakley incurred damages.

## DAMAGES

In light of the forgoing claims and supporting evidence, Mr. Weakley seeks $3000.00 as promised and $978.10 in fuel costs and lost wages incurred while attempting to perform the parties' agreement.

## CERTIFICATE OF SERVICE

I, Timothy Weakley [dba/ Weakles Trucking Services] hereby swears and affirms under penalty of perjury that on this date, August 19, 2019, have served upon the Counsel for respondent Matthew P. Barrette of BLITCH WESTLEY BARRETTE, S.C., a copy of the enclosed Answer and counter complaint at the furnished address of 1550 Spring Road, Unit 120  Oak Brook, Illinois 60523 via U.S Mail.  Additionally, a copy was electronically served @mbarrette@bwesq.com

Respectfully submitted,

Timothy Wayne Weakley
Pro se
414 EAST MOUNTAIN VIEW RD APT 503
JOHNSON CITY, TN. 37601
423-797-0096
*timothyweakley@yahoo.com*

# 3rd Party Defendant's Exhibit

# "A"

# Email From CNS Terminating Lease

# (No Subject)



**Stefan Varagic**
to timothyweakley@yahoo.com
May 22, 2018 at 5:23 PM

"Dear Timothy Wayne Weakley:"

"Pursuant to Equipment Lease Agreement you signed with Global Cargo Leasing, Inc. you agreed that during the Lease Term, Lessor may install, at Lessee's expense, GPS Tracking equipment on the Equipment. You further agreed to keep the GPS Tracking equipment operational. It has come to our attention that you have disabled the GPS Tracking equipment on the unit in violation of your Lease. This is a material breach of your obligations under the Agreement. As set forth in the Lease, you are in Default under the Lease. Global Cargo Leasing, Inc. hereby demands payment of the entire balance of the unpaid Monthly Payments for the full term immediately. Furthermore, Global Cargo Leasing, Inc. demands immediate possession of the Equipment. Failure on your part to comply with this demand will subject you to late fees, interest at a rate of 18% per annum, and attorneys' fees incurred by Global Cargo Leasing, Inc. in pursuing its available remedies at law

**Thank You,**

# STEFAN VARAGIC

    

3rd Party Defendant's Exhibit


"B"

Text From Pete Initiating Agreement

 
Read 5/22/18

You can not drive my truck under my plates and logos

That's not port of the deal

You can bring me my truck I will give you your 3000 dollars



Looks like you do not won't to work with me , so Police will call you

They know you are in Johnson City

If you do not call me in 10 min truck will be reported stolen in all 48 states data base ! It's up to you now

Truck it's reported stolen at Des Plaines , IL  Police Department they will upload the the nationwide data also registration it's cancelled!

May 23, 2018, 9:52 AM

What kind man are you that you do not won't to answer the phone ?

And saddle like man ?

  Message 


Looks like you do not won't to work with me , so Police will call you

They know you are in Johnson City

If you do not call me in 10 min truck will be reported stolen in all 48 states data base ! It's up to you now

Truck it's reported stolen at Des Plaines , IL  Police Department they will upload the the nationwide data also registration it's cancelled!

May 23, 2018, 9:52 AM

What kind man are you that you do not won't to answer the phone ?

And saddle like man ?

Also I reported trailer stolen to !

May 23, 2018, 6:25 PM

Bring me my truck I will give you down payment, so you do not have to court ! Anyway you can not register the truck

  

3rd Party Defendant's Exhibit

"C"

Email From Mr. Weakley To CNS Inquiring If Their Representitive Had Made It To The Des Plaines Police Department To Pick Up The Truck

# Re:



**tim weakley**
to Stefan Varagic
Aug 19, 2018 at 10:16 AM

Have your people arrived at the police department to pick up the truck?

Sent from Yahoo Mail for iPhone

On Tuesday, May 22, 2018, 5:26 PM, Stefan Varagic <stefan@drivecns.com> wrote:

> Company demanding immediate return of all placards (signs) and point out that by Federal Regulation as well as your Independent Contractor Agreement.
> **Thank You,**
>
> **STEFAN VARAGIC**





   

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

TIMOTHY WEAKLEY

    Plaintiff Pro se,

       vs.

CARGO NETWORK LEASING, INC.,

PUTNIK EXPRESS, and PERICA

MANOJLOVIC,ET,AL.

    Defendants.

GLOBAL CARGO LEASING, INC.,

dba GLOBAL CARGO, INC.

   Counter-plaintiff,

       vs.

TIMOTHY WEAKLEY

  Counter-defendant.

CARGO NETWORK SOLUTIONS, INC.

Dba PUTNIK EXPRESS,

   3RD Party Plaintiff,

       vs.

WEAKLES TRUCKING SERVICES, INC.,

   3RD Party Defendant.

Cause No: <u>19-CV-4402</u>

Honorable Andrea R. Woods

---

PLAINTIFF'S RULE 56 MOTION FOR PARTIAL SUMMARY JUDGMENT

---

**JUDGE WOOD AND IT PLEASE THE COURT:**

1    **COMES NOW PLAINTIFF,** Timothy Weakley *pro se* and moves this

2    Honorable Court for a partial summary judgment based on the

3    pleadings:

4                    ISSUE FOR WHICH SUMARRY JUDGMENT IS SOUGHT

5      Plaintiff avers that there is no genuine dispute as to any

6    material fact surrounding whether Defendant "sold" Mr. Weakley

7    the semi-tractor in question. Thus, movant is entitled to

8    judgment as a matter of law.

9      BILL OF INDISPUTABLE FACTS AS SUPPORTED BY THE PLEADINGS

10       1). The record indicates that on or about May 5, 2018

11   Global Cargo Leasing "sold" to Mr. Weakley a semi-tractor truck

12   with the vin number 3HSCUAPR1AN249015. [See Plaintiff's Exhibit

13   "A" The Bill Of Sale].

14       2). It is indisputable that in the Defendant's answer

15   papers it admits the forgoing as a fact of record:

16       **"ANSWER:** Defendants <u>admit</u> that <u>Global entered into an</u>
17   <u>agreement to **sell** the Truck to Plaintiff</u> in or about June 2018,
18   that the agreed-upon price was $25,000.00, that Plaintiff made a
19   down payment on the Truck in the amount of $3,000.00, and that
20   Plaintiff would pay the remaining balance over time."

21       3). It is also indisputable that Defendant admits in its

22   answer that consistent with the sale of a vehicle [which has

23  specific meaning under Illinois State Law] Mr. Weakley was

24  provided his lawful copy of the bill of sale:

25      ANSWER: Defendants <u>admit</u> that <u>Global gave Plaintiff the</u>
26  <u>document titled "Bill of Sale" which showed a balance due of</u>
27  <u>$22,000.00.</u> Defendants admit that Global did not transfer title
28  to Plaintiff as the parties' agreement required payment in full
29  prior to the delivery of title. Defendants deny the remaining
30  allegations stated herein.

31      However, Defendant has not produced any documentation to

32  support the claim that transfer would only be made upon the

33  final payment being received.

34      4). It is also indisputable that Global in its counter

35  complaint further admits for the record at point 17 that a

36  purchase occurred:

37      "In or about May 2018, Global and Weakley entered into an
38  agreement whereby Weakley agreed to **purchase** a 2010
39  International Truck bearing VIN 3HSCUAPR1AN249015 ("the Truck")
40  from Global for a purchase price of $25,000.00."

41      5). It is also indisputable that Defendant cannot and has

42  not provided for the record any material evidence to buttress

43  the bare allegation asserted in its counter claim at point 18:

44          "Upon tender of the final payment, the parties
45      agreed that Global would then assign the title to
46      Weakley."

47      6). It is equally indisputable that upon Mr. Weakley

48  conferring upon Global a down payment of $3000.00 that Global

49  then gave Mr. Weakley possession of the vehicle along with a

50   signed bill of sale. And that as a matter of law the bill of

51   sale transfers ownership as defined by Black's Law Dictionary:


52          BILL OF SALE- "In contracts. A written agreement
53          under seal, **by which one person assigns or transfers his**
54          **right to or interest** in goods and personal chattels to
55          another. An instrument by which, in particular, the
56          property in ships and vessels is conveyed. Putnam v.
57          McDonald, 72 Vt. 4. 47 Atl. 159; Young v. Stone. 61 App.
58          Div. 304, 70 N. Y. Supp. 558."

59      7). It is also indisputable that Global did not provide Mr.

60   Weakley the required documentation consistent with the sale of a

61   commercial vehicle in Illinois.


62      8). It is indisputable that the record does not contain any

63   material evidence that the vehicle was not lawfully transferred

64   to Mr. Weakley through the execution of a sale, or, that Mr.

65   Weakley upon taking possession of the tractor was not entitled

66   to the required documents needed in order to register the

67   vehicle with his states Department of Motor Vehicles **with the**

68   **designation that Global Cargo Logistics was the lawful LEIN**

69   **HOLDER.**


70                    SUMMATION


71      In sum, under Illinois Law a bill of sale has very specific

72   meaning and function.  The record indicates that a sale between

73   the parties occurred.  As a matter of summary judgment,

74   Plaintiff asks that this Honorable Court find that a sale indeed

75 occurred leaving only the issue of damages for trial.  Such a

76 finding would spare the Court a waste of its judicial resources.

## CERTIFICATE OF SERVICE

I, Timothy Weakley [dba/ Weakles Trucking Services] hereby

swears and affirms under penalty of perjury that on this date,

August 19, 2019, have served upon the Counsel for respondent

Matthew P. Barrette of BLITCH WESTLEY BARRETTE, S.C., a copy of

the enclosed Answer and counter complaint at the furnished

address of 1550 Spring Road, Unit 120  Oak Brook, Illinois 60523

via U.S Mail.  Additionally, a copy was electronically served

@mbarrette@bwesq.com

Respectfully submitted,

_____

Timothy Wayne Weakley
Pro se
414 EAST MOUNTAIN VIEW RD APT 503
JOHNSON CITY, TN. 37601
423-797-0096
*timothyweakley@yahoo.com*